F I L E D
CLERK OF COURT

2024 AUG 12 PM 6: 02

SUPERIOR COURT
OF GUAM

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0060-21** |
| | GPD Report Nos. 21-02774 / 21-02775 / |
| **v.** | 21-02777 |
| **VINCENT PAUL CRUZ TOPASNA** | **DECISION AND ORDER** |
| (*aka* **BEN TOPASNA**), | **GRANTING** |
| DOB: 01/23/1975 | **THE PEOPLE'S MOTION** |
| | **TO REVOKE PROBATION** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 7, 2024, for a Revocation Hearing in the above-captioned matter related to Vincent Paul Cruz Topasna's (*aka* Ben Topasna's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Leta Womack. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Revoking Defendant's Probation.

## BACKGROUND

On November 3, 2021, Defendant entered a plea of guilty to Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony). See Judgment of Conviction (Dec. 2, 2021). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office three (3) times per week in person, or as ordered by the Court or the Probation Office.
- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Decision and Order Revoking Defendant's Probation
CF0060-21, *People of Guam v. Vincent Paul Cruz Topasna*
Page 1 of 4

- **COUNSELING/TREATMENT:** Defendant shall report to the Adult Probation Office for an intake and a drug and alcohol assessment. If referred to the Guam Behavioral Health and Wellness Center (GBWHC), Defendant shall follow all treatment plans as may be recommended by the drug and alcohol assessment counselor.

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

Id.

On March 4, 2022, a Violation Report was filed indicating that Defendant had missed his intake appointment at the Adult Probation Office. See First Violation Report (Mar. 4, 2022).

On April 11, 2022, another Violation Report was filed indicating that Defendant had been arrested in CF0189-22 and indicted on numerous felony charges. See Second Violation Report (Apr. 11, 2022). Defendant would ultimately plead guilty to Family Violence (as a 3rd Degree Felony) and Family Violence (as a Misdemeanor) in CF0189-22. See CF0189-22 Judgment of Conviction (Sep. 13, 2022).

On October 10, 2022, another Violation Report was filed indicating that Defendant had failed to report to the Adult Probation Office as required, and had failed to attend GBHWC for his initial intake/assessment. See Third Violation Report (Oct. 10, 2022).

On January 4, 2023, this matter was on for Further Proceedings and Defendant failed to attend the hearing, despite being summonsed to appear. See Minute Entry (Jan. 4, 2023); Summons (Nov. 18, 2022).

On February 15, 2024, the People filed their Motion to Revoke Defendant's Probation ("Motion"). The People base their request on Defendant's non-compliance with numerous probation conditions. See Motion (Feb. 15, 2024). Opposing the Motion, Defendant claims he still has time to complete the terms of his probation if given another chance. See Opposition to Motion (Mar. 11, 2024).

Decision and Order Revoking Defendant's Probation
CF0060-21, *People of Guam v. Vincent Paul Cruz Topasna*
Page 2 of 4

On June 7, 2024, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (June 7, 2024).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

Decision and Order Revoking Defendant's Probation
CF0060-21, *People of Guam v. Vincent Paul Cruz Topasna*
Page 3 of 4

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Since entering probation, Defendant has been arrested, indicted, and ultimately convicted of Family Violence (as a 3rd Degree Felony) in CF0189-22. Defendant has also violated this Court's orders by failing to appear at numerous scheduled hearings.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, Defendant has exhausted the trust of the Court by violating numerous probationary conditions. These violations are particularly serious in nature and include a felony Family Violence conviction in CF0189-22. Both this conviction and his failures to appear at scheduled court hearings display Defendant's unwillingness to follow this Court's orders.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matters. The Defendant is hereby **SENTENCED** to **three (3) years incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this _____ August 12, 2024 _____.

**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Revoking Defendant's Probation
CF0060-21, *People of Guam v. Vincent Paul Cruz Topasna*
Page 4 of 4